UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

CHERYL BANNISTER                                CIVIL ACTION

VERSUS                                          NO: 09-2092

ALLSTATE INSURANCE COMPANY                      SECTION: R

**ORDER AND REASONS**

Before the Court is defendant Allstate Insurance Company's unopposed Motion for Summary Judgment (R. Doc. 15). For the following reasons, the motion is GRANTED.

**I. Background**

Plaintiff Cheryl Bannister's property in New Orleans, Louisiana, was insured by a flood policy issued by Allstate. Allstate issued this policy as a participant in the National Flood Insurance Program, under which flood policies are issued and adjusted by private insurers, although the payments ultimately come from the United States treasury.[1] Furthermore, the policies are drafted by the Federal Emergency Management Agency and cannot be altered by the insurance company without

---

[1] *See generally* 44 C.F.R. § 62.23; *see also Dwyer v. Fidelity Nat. Prop. & Cas. Co.*, 565 F.3d 284, 285 (5th Cir. 2009).

1

governmental approval.[2]

Plaintiff alleges that her property suffered significant flood damage during Hurricane Katrina, and that an Allstate adjustor significantly undervalued these damages.[3] She brought suit against Allstate for failure to pay the full amount of her damages. Allstate now moves for summary judgment, asserting that plaintiff did not comply with the mandatory requirements of the flood policy. Plaintiff has filed no opposition. The Court rules as follows.

**II. Legal Standard**

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."[4] When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the

---

[2] 44 C.F.R. §§ 61.4(b), 61.13(d); *see also Dwyer*, 565 F.3d at 285.

[3] R. Doc. 1 at 2.

[4] Fed. R. Civ. P. 56(c)(2); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

2

evidence."[5] All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment."[6]

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'"[7] The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party."[8]

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element

---

[5] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008).

[6] *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *Little*, 37 F.3d at 1075.

[7] *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263-64 (5th Cir. 1991).

[8] *Id.* at 1265.

of the nonmoving party's claim.[9]  The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists.[10]  The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial.[11]

## III. Analysis

The Standard Flood Insurance Policy ("SFIP"), which is the policy drafted by FEMA and issued by private insurers, contains the following provisions:

**J. Requirements in Case of Loss**

In case of a flood loss to insured property, you must:

1. Give prompt written notice to us;

2. As soon as reasonably possible separate the damaged and undamaged property, putting it in the best possible order so that we may examine it;

3. Prepare an inventory of damaged property showing the quantity, description, actual cash value, and amount of loss.  Attach all bills, receipts, and related documents;

4. Within 60 days after the loss, send us a proof

---

[9] *See Celotex*, 477 U.S. at 325.

[10] *See id.* at 324.

[11] *See, e.g., id.* at 325; *Little*, 37 F.3d at 1075; *Isquith ex rel. Isquith v. Middle South Utils., Inc.*, 847 F.2d 186, 198 (5th Cir. 1988), *cert. denied*, 488 U.S. 926 (1988).

4

of loss, which is your statement of the amount you are claiming under the policy signed and sworn to by you, and which furnishes us with the following information:

> a. The date and time of loss;
>
> . . .
>
> f. Specifications of damaged buildings and detailed repair estimates;
>
> . . .
>
> i. The inventory of damaged personal property described in J.3 above.

**R. Suit Against Us**

> You may not sue us to recover money under this policy unless you have complied with all the requirements of the policy. If you do sue, you must start the suit within one year after the date of the written denial of all or part of the claim, and you must file the suit in the United States District Court of the district in which the covered property was located at the time of loss. This requirement applies to any claim that you may have under this policy and to any dispute that you may have arising out of the handling of any claim under the policy.[12]

Courts interpret and enforce the SFIP provisions strictly.[13] Therefore, "an insured's failure to provide a complete, sworn proof of loss statement, as required by the flood insurance policy, relieves the federal insurer's obligation to pay what

---

[12] 44 C.F.R. Pt. 61, App. A(1).

[13] *Gowland v. Aetna*, 143 F.3d 951, 954 (5th Cir. 1998); *Foman v. Fed'l Emergency Mgmt. Agency*, 138 F.3d 543, 545 (5th Cir. 1998).

5

otherwise might be a valid claim."[14] Plaintiff's claim appears to have fallen within the post-Katrina period during which the Acting Federal Insurance Administrator extended to one year the deadline from section J(4) of the SFIP that requires an insured to submit a sworn proof of loss within sixty days of the loss.[15] This extension, however, did not affect the requirement that the insured submit a sworn proof of loss. Failure to do so, even during this period when the deadline was extended, precludes suit under the policy.[16]

Here, Allstate contends that plaintiff has failed to meet the proof-of-loss requirements of the SFIP. Specifically, it provides an affidavit from an Allstate Flood Field Manager and custodian of plaintiff's claims file. This affidavit states that plaintiff has not provided Allstate with a proof of loss, nor has she submitted any documentation to indicate that the government waived plaintiff's obligation to submit a proof of loss and accompanying documentation.[17]

---

[14] *Gowland*, 143 F.3d at 954; *see also Marseilles Homeowners Condo. Ass'n, Inc. v. Fidelity Nat'l Ins. Co.*, 542 F.3d 1053, 1055 (5th Cir. 2008) (per curiam).

[15] *See* R. Doc. 15-5 at 2-3 (affidavit of Jason Raske); *see also* R. Doc. 15-4 (copy of August 31, 2005 memo of Acting Federal Insurance Administrator David Maurstad).

[16] *Marseilles*, 542 F.3d at 1056-58; *see also Richardson v. Am. Bankers Ins. Co. of Fla.*, 279 Fed. App'x 295, 298-99 (5th Cir. 2008) (per curiam).

[17] *See* R. Doc. 15-5 at 3 (affidavit of Jason Raske).

Plaintiff has not filed a response to this motion, and she has therefore provided nothing that might raise a genuine issue of material fact about the accuracy of these statements. Accordingly, the uncontested facts indicate that plaintiff did not submit a sworn proof of loss in accordance with the SFIP, and Allstate is entitled to summary judgment.

## IV. Conclusion

For the foregoing reason, Allstate's motion for summary judgment is GRANTED.

**New Orleans, Louisiana, this    21st    day of May, 2010.**

_____
**SARAH S. VANCE
UNITED STATES DISTRICT JUDGE**